IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HUGH A. COOK, | ) | 8:06CV680 |
| | ) | |
| Plaintiff, | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| B & W CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

   The plaintiff, Hugh A. Cook ("Cook"), worked for the defendant, B & W Co., Inc. ("B & W"), from March 10, 1996, until March 21, 2005, as a seasonal employee operating street sweeping equipment.  Cook is a black man who was born in 1934.  Cook complains (1) that he has always been paid less than younger, non-black employees at B&W, (2) that he was laid off work from October 10, 2004, until March 2005, because of his age and his race, and (3) that his employment was terminated on March 21, 2005, because of charges of discrimination that he filed on December 29, 2004, regarding his rate of pay and his October 2004 layoff.  B & W denies that it discriminated against Cook and contends that he was terminated pursuant to a "two strikes" drug policy that was implemented by the company on January 31, 2005.  It is undisputed that Cook twice tested positive for marijuana, on August 26, 2002, and March 21, 2005; however, Cook denies ever using illegal drugs and argues that the first test should not count in any event because it predated the "two strikes" policy.

   B & W has filed a motion for summary judgment and, in accordance with our local rules, has included in its supporting brief a statement of material facts, consisting of 27 numbered paragraphs with appropriate references to the pleadings, affidavits, and other filed evidentiary materials (filing 30, pp. 6-10).  *See* NECivR 56.1(a).  Because Cook has not controverted this statement of material facts, it is deemed admitted.  *See* NECivR 56.1(b)(1) ("Properly referenced material facts in the

movant's statement will be deemed admitted unless controverted by the opposing party's response.") (emphasis in original).  Cook has only filed an "objection" to the motion for summary judgment, with attached affidavits, in which he claims that the drug test results were "false positives" and makes the argument that the failed 2002 test should not be counted retroactively as a first strike.  Even though this responsive filing fails to conform to our local rules in additional respects, *see* NECivR 7.1(b)(1)(A) ("The party opposing a motion shall not file an . . . 'objection,' . . . but instead shall file a paginated brief which concisely states the reasons for opposing the motion and cites the authorities relied upon.") and NECivR 7.1(b)(2)(B) ("Evidentiary materials shall not be attached to the brief but shall instead be filed separately with an index . . .."), I have fully considered it.

For the reasons discussed below, I conclude that B & W is entitled to summary judgment on all claims except on a retaliation claim that is actionable only under Nebraska law (because of Cook's failure to exhaust federal administrative remedies).  This state-law retaliation claim will be dismissed without prejudice pursuant to the court's discretionary authority under 28 U.S.C. § 1367(c)(3).

## I. DISCUSSION

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir.1994).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Rule 56(e) provides that, when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.

### A.  *The Pleadings*

This action began with the filing of a pro se complaint on October 30, 2006. Cook is now represented by counsel, but his pro se complaint remains the operative pleading. Liberally construed, the complaint alleges: (1) an age discrimination claim arising under (a) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, and (b) the Nebraska Act Prohibiting Unjust Discrimination Because of Age ("Nebraska Age Act"), Neb. Rev. Stat. §§ 48-1001 to 48-1009, (2) a race discrimination claim arising under (a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and (b) the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101 to 48-1125, and (3) a retaliation claim arising under each of the above acts.

### B.  *Supplemental Jurisdiction*

The court has supplemental jurisdiction over the state-law claims because they "arise from the same nucleus of operative fact as the plaintiff's federal claims and . . . the plaintiff would ordinarily be expected to try all the claims in one judicial proceeding. *See Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir.1999); 28 U.S.C. § 1367(a). In fact, claims brought under the NFEPA and the Nebraska Age Act are analyzed in the same manner as claims brought under Title VII and the ADEA. *See Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999) (NFEPA); *Billingsley v. BFM Liquor Management, Inc.*, 613 N.W.2d 478, 484 (Neb. 2000) (Nebraska Age Act).

### C.  *Exhaustion of Administrative Remedies*

The evidence shows that on December 29, 2004, Cook made a dual filing with the Nebraska Equal Opportunity Commission ("NEOC") and the United States Equal Employment Opportunity Commission ("EEOC"), charging that B & W had violated

4

the ADEA, Title VII, and the NFEPA in connection with his rate of pay and recent layoff. Cook amended this charge of age and race discrimination on September 15, 2005, to add that the Nebraska Age Act had been violated as well. Although this amendment was filed almost six months after his termination, Cook did not include any new factual allegations. Cook did not file a charge of discrimination concerning his termination until March 3, 2006, when he filed a charge with the NEOC claiming that he was subjected to drug testing and fired on March 15, 2005, in retaliation for the discrimination charge that he filed against B & W on December 29, 2004; Cook claimed this was a violation of the Nebraska Age Act. Significantly, this retaliation charge was not filed with the EEOC.

On August 18, 2006, the NEOC issued a "no reasonable cause" determination as to all three claims (*i.e.*, age discrimination, race discrimination, and retaliation). Thereafter, on October 11, 2006, the EEOC issued Cook a "right to sue" letter for the age and race discrimination claims. Because no "right to sue" letter was issued for the retaliation claim, B & W alleges that the claim is unexhausted.

Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA or Title VII in federal court. *See Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) (ADEA); *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006) (Title VII). "If the EEOC gives the individual a right-to-sue letter following the EEOC investigation, the charge limits the scope of the subsequent civil action because 'the plaintiff may [only] seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge.'" *Cottrill*, 443 F.3d at 634 (quoting *Nichols v. Am. Nat'l Ins. Co.,* 154 F.3d 875, 887 (8th Cir. 1998)).

Consequently, to the extent Cook alleges that his employment was terminated in violation of the ADEA or Title VII, such a claim cannot be maintained in this action. His only actionable federal claims are (1) that he was discriminated against

in terms of pay during the course of his employment at B & W, either because of his age or his race, and (2) that his layoff on October 10, 2004, was also the result of age or race discrimination. The companion claims arising under the Nebraska Age Act and the NFEPA are likewise actionable.

There is no requirement that administrative remedies be exhausted before filing an action under Neb. Rev. Stat. § 20-148 to redress violations of the NFEPA, the Nebraska Age Act, or other statutory or constitutional provision securing civil rights. *See Dossett v. First State Bank*, 627 N.W.2d 131, 137 (Neb. 2001). However, if a discrimination charge is filed with the NEOC under the NFEPA, then suit must be filed within 90 days after the complainant receives notice of the last action the NEOC will take on the charge.[1]  *See* Neb. Rev. Stat. § 48-1120.01.

B & W argues that Cook failed to meet the 90-day limitations period because he did not obtain service within 90 days after receiving the August 18, 2006 notice from the NEOC.[2]  The court file shows that Cook's pro se complaint was filed on October 30, 2006, and was subjected to initial review by the court before summons could be issued. Service was accomplished on December 1, 2006. B & W cites no authority for its argument that Cook was required to complete service of process within the 90-day period, and such an argument is contrary to the plain language of the statute, which provides that "[t]he deadline for *filing* an action directly in the district court is ninety days after the complainant receives notice of the last action the commission will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01

---

[1] The complainant also has the option of filing suit before the administrative proceedings are dismissed by the NEOC. *See* Neb. Rev. Stat. § 48-1119.

[2] B & W erroneously frames this argument as involving a failure to exhaust administrative remedies. Even though B & W has not pleaded a statute of limitations defense as required by Federal Rule of Civil Procedure 8(c), I will consider the argument and reject it on the merits.

(emphasis supplied). *See also* Neb. Rev. Stat. § 25-217 ("An action is commenced on the date the complaint is filed with the court."); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

B & W also argues that Cook's retaliation claim was not exhausted under Nebraska law because his discrimination charge was not filed with the NEOC within 300 days of his termination. Although not specifically stated, B & W apparently makes this argument with reference to Neb. Rev. Stat. § 48-1118(2), which provides that "[a] written charge of violation of the Nebraska Fair Employment Practice Act shall be filed within three hundred days after the occurrence of the alleged unlawful employment practice . . .." While it does appear that Cook waited 353 days before filing the discrimination charge, his administrative remedies were fully exhausted when the NEOC issued its "no reasonable cause" determination on August 18, 2006. Again, what B & W is really arguing is a statute of limitations defense that has not been alleged in its answer. *See* Fed. R. Civ. P. 8(c) (affirmative defenses).

There are several legal issues associated with a statute of limitations defense. For example, if Cook's retaliation claim is brought under the NFEPA, there is an issue whether the 90-day period for filing suit applies when the 300-day period for filing a discrimination charge with the NEOC was not satisfied. If the retaliation claim is brought under the Nebraska Age Act,[3] there is also a preliminary issue

---

[3] The Nebraska Age Act does not contain an express anti-retaliation provision, but the NFEPA makes it unlawful "for an employer to discriminate against any of his or her employees . . . because he or she (1) has opposed any practice made an unlawful employment practice by the Nebraska Fair Employment Practice Act, (2) has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the act, or (3) has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. § 48-1114. The Nebraska Supreme Court does not appear to have decided whether filing a discrimination charge under the Nebraska Age Act is protected under subsection (3) of § 48-1114.

7

whether the NFEPA's 90-day and 300-day limitations periods have any application. Similarly, if the retaliation claim is brought under § 20-148, then, insofar as the claim relates to the Nebraska Age Act, there is an issue whether the 300-day statute of limitations applies, *see Adkins v. Burlington Northern Santa Fe RR. Co.*, 615 N.W.2d 469, 473 (2000) (holding that NFEPA claims brought under § 20-148 are subject to the 300-day statute of limitations), or, instead, whether a general 4-year statute of limitations applies, *see Wendeln v. The Beatrice Manor, Inc.*, 712 N.W.2d 226, 235-36 (Neb. 2006) (holding that the NFEPA's 300-day statute of limitations does not apply to "public policy" retaliatory discharge claims).

These statute-of-limitations issues are not as easy to resolve as the previous issue raised by B & W (*i.e.*, whether service of process must be completed within the 90-day limitations period under the NFEPA), and I conclude that I should not attempt to resolve them, especially not without adequate briefing, when all federal claims are being dismissed on summary judgment. Thus, as will be discussed more below, I will decline to exercise supplemental jurisdiction over the state-law retaliation claim.

### *D. Disposition of Claims*

To summarize, Cook has alleged (1) an age discrimination claim that arises under the ADEA and the Nebraska Age Act, (2) a race discrimination claim that arises under Title VII and the NFEPA, and (3) a retaliation claim that concerns Cook's filing of age and race discrimination charges with both the NEOC and the EEOC. The state-law age and race discrimination claims are not barred by the statute of limitations, but there are unresolved issues as to whether the state-law retaliation claim is time-barred. Cook has failed to exhaust his administrative remedies with respect to the federal retaliation claim. I now discuss the merits of each claim.

### *1. Age Discrimination*

With respect to the October 2004 layoff, Cook may make a prima facie case of age discrimination by establishing: (1) he is within the protected age group; (2) he met the applicable job qualifications; (3) he suffered an adverse employment action; and (4) there is some additional evidence that age was a factor in the employer's action. *See Stidham v. Minnesota Min. and Mfg., Inc.*, 399 F.3d 935, 938 (8th Cir. 2005) (ADEA reduction-in-force case). The first three factors appear satisfied. As to the fourth factor, Cook has alleged that B & W laid off its two oldest employees (himself and another man) while keeping on other workers, but he has provided no evidence to support this allegation, nor any other evidence from which it might reasonably be inferred that age played a part in the layoff decision.

To make a prima facie case of wage discrimination under the ADEA, Cook must prove that he was paid a lower wage than a younger employee who was performing equal work on a job which required equal skill, effort, and responsibility, and which was performed under similar working conditions. *See Lyoch v. Anheuser-Busch Companies, Inc.*, 139 F.3d 612, 616 (8th Cir. 1998). Again, while Cook alleges that he was paid less than younger workers, he has provided no proof of this.

Cook's age discrimination claim (under both federal and state law) will be dismissed with prejudice. "Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." *Arnold v. Nursing and Rehabilitation Center at Good Shepherd, LLC*, 471 F.3d 843, 845-46 (8th Cir. 2006) (quoting *Whitley v. Peer Review Sys., Inc.*, 221 F.3d 1053, 1055 (8th Cir. 2000)).

### *2. Race Discrimination*

The essential elements of a prima facie case of race discrimination under Title VII are comparable to those for age discrimination under the ADEA. *See Rinehart v. City of Independence*, 35 F.3d 1263, 1266 (8th Cir. 1994) (prima facie case standards in Title VII and ADEA cases are substantially similar). Cook has alleged that some white workers were kept on by B & W when he was laid off in October 2004, and that he was paid less than non-black employees, but, once again, there is no evidence to substantiate these claims. Thus, Cook's race discrimination claim (under both federal and state law) will also be dismissed with prejudice.

### *3. Retaliation*

Because B & W has succeeded in arguing that Cook failed to exhaust his federal administrative remedies with respect to the retaliation claim, this claim must be decided solely with reference to Nebraska substantive law. Under 28 U.S.C. § 1367(c)(3), federal district courts have broad discretion to dismiss state law claims without prejudice after all federal claims are dismissed. *See Stewart v. Independent School Dist. No. 196*, 481 F.3d 1034, 1046 (8th Cir. 2007). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This is not an "unusual" case where jurisdiction should be retained.

Unlike the age and race discrimination claims, Cook may be able to establish a prima facie case of retaliation, based on the fact that the "two strikes" policy was implemented about a month after he filed discrimination charges and about a month before he was to return to work following the seasonal layoff. Assuming that Cook can establish a prima facie case of retaliation based on temporal proximity, the issue

then becomes whether the reason B & W gave for his termination (*i.e.*, his failing two drug tests) was pretextual. B & W argues that it is immaterial to the issue of pretext whether the drug test results were "false positives," or whether the company's "two strikes" policy was misapplied, and also argues that Cook has failed to present admissible evidence on these matters. B & W's arguments may have merit, but they do not specifically address a statement in Cook's affidavit to the effect that when he discussed the 2002 test with B & W's president and claimed that the positive result was attributable to his regular use of vitamins and herbal supplements, he was told "not to worry about it."

I do not decide whether Cook's evidence is sufficient to create a genuine issue of material fact, either at the prima facie case or the pretext stage of the *McDonnell Douglas* burden-shifting analysis,[4] but simply point that the state-law retaliation claim is fundamentally different from the age and race discrimination claims. As previously discussed, it also involves different statute-of-limitations issues. Under the circumstances, I will decline to exercise supplemental jurisdiction over the state-law retaliation claim and will dismiss the claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).[5]

## III. CONCLUSION

Cook's claims of age or race discrimination will be dismissed with prejudice because he has not shown that he can prove a prima facie case under federal or state law. B & W will also be granted summary judgment on the federal retaliation claim because Cook has failed to exhaust administrative remedies. Because all federal

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[5] Pursuant to 28 U.S.C. § 1367(d), the period of limitations for this state-law claim shall be tolled while the claim was pending and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period.

11

claims are being dismissed, the court, on its own motion, will decline to exercise supplemental jurisdiction over the state-law retaliation claim and will dismiss the claim without prejudice.

Accordingly,

IT IS ORDERED that Defendant's motion for summary judgment (filing 29) is granted in part and denied in part, as follows:

1. Plaintiff's federal claims of age discrimination, race discrimination, and retaliation are dismissed with prejudice.

2. Plaintiff's state-law claims of age discrimination and race discrimination are dismissed with prejudice.

3. Plaintiff's state-law claim of retaliation is dismissed without prejudice.

November 13, 2007.                    BY THE COURT:

                                                    s/ *Richard G. Kopf*
                                                    United States District Judge